**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

**BRADLEY STERN**,
individually and
on behalf of all others similarly situated,   **CLASS ACTION**

    Plaintiff,   **JURY TRIAL DEMANDED**

v.

**GOBRANDS, INC. d/b/a**
**GOPUFF**,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**

Plaintiff Bradley Stern brings this class action against Defendant GoBrands, Inc. d/b/a Gopuff, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Through its enactment of the TCPA, Congress "targeted unwanted text messages (as well as unwanted phone messages)." *Drazen v. Pinto*, 29 Fla. L. Weekly Fed. C2763, n.5 (U.S. 11th Cir. July 24, 2023)

3. In violation of the TCPA, Defendant engages in unsolicited text messaging and continues to text message consumers after they have opted out of Defendant's solicitations.

4. Through this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. *See Drazen*, 29 Fla. L. Weekly Fed. C2763 at 4 ("A plaintiff who receives an unwanted, illegal text message suffers a concrete injury").

**PARTIES**

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Miami-Dade County, Florida.

6. Plaintiff is, and at all times relevant hereto was, an individual and a called party under the TCPA in that Plaintiff was the regular user of cellular telephone number that received Defendant's unwanted text messages.

7. Plaintiff is, and at all times relevant hereto was, an individual and a "called party" as defined by Fla. Stat. § 501.059(1)(a) in that Plaintiff was the regular user of cellular telephone number that received Defendant's telephonic sales calls.

8. Defendant is, and at all times relevant hereto was, a foreign corporation doing business in this State.

**JURISDICTION AND VENUE**

9. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

10. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each text message in violation of the TCPA, which, when aggregated among a

proposed class numbering in the thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

11.     Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising text messages into Florida. Specifically, Defendant initiated and directed the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number to sell goods, services or products in Florida.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

13.     On or about February 28, 2023, Plaintiff sent a "stop" opt-out instruction to Defendant (as instructed by Defendant), because he did not wish to receive Defendant's solicitations. Notwithstanding, Defendant continued to text message Plaintiff, including on or about June 10, 2023, June 14, 2023, June 15, 2023, June 16, 2023, June 17, 2023, June 18, 2023, June 29, 2023, July 2, 2023, July 10, 2023, July 14, 2023, and July 17, 2023 (twice), as reflected below:



4

> 94875 >
>
> Wed, Jun 14 at 7:46 PM
>
> Gopuff: Father's Day is Sunday. You remembered, right? But just in case, get everything you need here. https://brz.ai/ocKLj/r09m9k
> Reply STOP to opt out.
>
> Thu, Jun 15 at 5:45 PM
>
> Gopuff: Storm watching? ⚡🌧️ Stay safe and stock up without putting on your rain boots. https://brz.ai/q_1cd/r09m9k
> Reply STOP to opt out.
>
> Fri, Jun 16 at 6:05 PM
>
> Gopuff: Get dad the gift he really wants: 20% off his favorite bourbons and beers with code DAD20. https://brz.ai/sGiyl/r09m9k
> Reply STOP to opt out.
>
> Sat, Jun 17 at 4:00 PM
>
> Gopuff: Bourbon. That's it. That's the gift. Use code DAD20 to save 20% on your Father's

5

> 94875 >
>
> Thu, Jun 15 at 5:45 PM
>
> Gopuff: Storm watching? ⚡🌧
> Stay safe and stock up without putting on your rain boots.
> https://brz.ai/q_1cd/r09m9k
> Reply STOP to opt out.
>
> Fri, Jun 16 at 6:05 PM
>
> Gopuff: Get dad the gift he really wants: 20% off his favorite bourbons and beers with code DAD20. https://brz.ai/sGiyl/r09m9k
> Reply STOP to opt out.
>
> Sat, Jun 17 at 4:00 PM
>
> Gopuff: Bourbon. That's it. That's the gift. Use code DAD20 to save 20% on your Father's day gift. https://brz.ai/n3Hfv/r09m9k
> Reply STOP to opt out.
>
> Sun, Jun 18 at 1:05 PM
>
> Gopuff: Forgot Father's day? Get bourbon and beer delivered like nothing ever happened. Use

6

> 94875 >
>
> Sun, Jun 18 at 1:05 PM
>
> Gopuff: Forgot Father's day? Get bourbon and beer delivered like nothing ever happened. Use DAD20 for 20% off. https://brz.ai/-d1Jr/r09m9k
> Reply STOP to opt out.
>
> Thu, Jun 29 at 4:36 PM
>
> Gopuff: On salad duty? Make it fruity. Get 25% off produce through Monday. https://brz.ai/hhY2b/r09m9k Text STOP to Opt out.
>
> Sun, Jul 2 at 1:11 PM
>
> Gopuff: Enjoy 20% off everything. Tap and use code USA20 at check out to save on your next order thru 7/4. https://brz.ai/ms91Z/r09m9k
> Text STOP to Opt out.
>
> Mon, Jul 10 at 4:12 PM
>
> Gopuff: We're celebrating ice cream all week! Buy One Get One free on all of your favorite

7

> 94875 >
>
> Mon, Jul 10 at 4:12 PM
>
> Gopuff: We're celebrating ice cream all week! Buy One Get One free on all of your favorite pints thru 7/12. https://brz.ai/q--83/r09m9k
> Reply STOP to opt out.
>
> Fri, Jul 14 at 12:20 PM
>
> Gopuff: Up to 50% off ice cream through Sunday. Order now before the offer melts away. https://brz.ai/OU_At
> Text STOP to opt out.
>
> Mon, Jul 17 at 2:01 PM
>
> Gopuff: Prepare to have your mind blown. You just earned another Puff Points Reward. Take $20 off your entire Gopuff order. Yes, you read that right. 20 freaking dollars. Boom. https://link.gopuff.com/rewards
>
> Mon, Jul 17 at 6:12 PM
>
> Gopuff: Sharing is caring! Refer a friend to Gopuff and both of you



14.     Plaintiff was in Florida when he received the above text messages.

15.     As demonstrated by the above screenshots, the purpose of Defendant's text messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

16.     As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by responding "stop", but Defendant continued to text message Plaintiff.

17.     Plaintiff is the regular user of the telephone number that received the above telephonic sales calls.

18.     Plaintiff utilizes his cellular telephone number for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

19. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members, as well as all inbound opt-out requests like Plaintiff's "stop" instructions.

20. Defendant's failure to honor opt-out requests demonstrates that Defendant does not 1) maintain written policies and procedures regarding its text messaging marketing; (2) provide training to its personnel engaged in telemarketing; and/or (3) maintain a standalone do-not-call list.

21. Defendant's text message spam caused Plaintiff and the Class members harm, including violations of their statutory rights, trespass, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion. Defendant's text messages also occupied storage space on Plaintiff's and the Class members' telephones.

## CLASS ALLEGATIONS

### PROPOSED CLASS

22. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent are defined as:

> **TCPA Stop Class: All persons within the United States who, within the four years prior to the filing of this Complaint through the date of class certification, (1) received two or more text messages within any 12-month period, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) after sending a "no", "stop", or similar opt-out request to Defendant.**

23. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

24. Upon information and belief, Defendant has placed violative calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   (a) Whether Defendant sent solicitation text messages to Plaintiff and the Class members;

   (b) Whether Defendant continued to send text message solicitations after opt-out requests;

   (c) Whether Defendants maintain an internal do-not-call list and instruct their employees on how to use the list; and

   (d) Whether Defendant is liable for damages, and the amount of such damages.

27. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

28.  Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

29.  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

30.  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

31.  The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
#### (On Behalf of Plaintiff and the TCPA Stop Class)

32.  Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33.  In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

34. Pursuant to 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

35. Defendant violated the requirements of section 64.1200(d) by failing to (1) maintain the required written policies; (2) provide training to its personnel engaged in telemarketing; (3) maintain a standalone do-not-call list; and (4) honoring Plaintiff's and the Class members' do-not-call requests.

36. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the TCPA Class members are entitled to an award of $500.00 in statutory damages, for each text message sent by Defendant. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the IDNC Class.

37. Plaintiff requests for this Court to enter an Order granting the relief outlined in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: August 17, 2023

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

**DAPEER LAW, P.A.**
Rachel Dapeer
Florida Bar No. 108039
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
T: 305-610-5223
*rachel@dapeer.com*